UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

YISROEL KATZOFF on behalf of himself and
all other similarly situated consumers

                                  Plaintiff,                   12 CV 3663 (ILG) (RLM)

        -against-


NCO FINANCIAL SYSTEMS, INC.

                              Defendant.


_____

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1.     Plaintiff Yisroel Katzoff seeks redress for the illegal practices of NCO Financial Systems, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.     The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5.     Upon information and belief, Defendant's principal place of business is located within Horsham, Pennsylvania.

6.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Yisroel Katzoff

10.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.    Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12.    On many occasions within this past year, the Defendant left numerous messages for Plaintiff with third parties.

13.    By way of limited example only, the following is a transcript of one such message that Defendant left for the Plaintiff with third parties on many occasions:

"If this is Yisroel Katzoff, Please press one now. To place this call on hold to get the right person, press two now. To take a message, press three now. If this is the wrong number to reach Yisroel Katzoff, press four now...I did not hear your response… once again, if you are Yisroel Katzoff please press one now. To place this call on hold to get

-2-

the right person, press two now. To take a message, press three now. If this is the wrong number to reach Yisroel Katzoff, press four now…I'm sorry…goodbye."

14. The callers failed to identify themselves as debt collectors attempting to collect a debt.

15. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

16. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

17. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

18. On or about December 13, 2011, Defendant NCO Financial Systems, Inc. called and left a computer message with a third party stating: "If you can take a message for this person, press two…please call Richard Hepscats regarding an important business matter today, when calling back, please use reference number and call 1800 303 ext. 1995.

While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message on a voicemail system and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.  See e.g. Carman v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). (It is well settled that when a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor, such a communication being left with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).), Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept.

-3-

18, 2006) (The court followed <u>Foti, 424 F. Supp. 2d at 655-56</u> and  <u>West v. Nationwide</u>

<u>Credit,</u> 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a

debtor's neighbor that the defendant had a "very important" matter to address was

"regarding a debt" because the content of the phone call was "with respect to" the

Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message

that "advised the debtor that the matter required immediate attention, and provided a

specific number to call to discuss the matter" was a communication under the FDCPA

"given that the obvious purpose of the message was to provide the debtor with enough

information to entice a return call. The court noted "Were this Court to determine that

[the debt collectors] Messages did not constitute communications "regarding [Plaintiff's]

debt", the Court would be creating an exception to swallow the rule. Under such an

exception, debt collectors would be able to abuse and harass consumers with phone calls

and other forms of correspondence so long as there is no express mention of the

consumers' debts. The court also found: **<u>"A message left by a debt collector which</u>**

**<u>does not state that it pertains to a financial matter could reasonably pertain to a</u>**

**<u>host of issues - including family or medical matters - which may be viewed by a</u>**

**<u>consumer as much more pressing than a debt owed. The apparent purpose of these</u>**

**<u>messages is to be vague enough to provoke the recipient to return the calls in haste.</u>**

**<u>Leaving a message that deceptively entices a consumer to communicate with a debt</u>**

**<u>collector when he is caught off guard is precisely the kind of abuse the FDCPA</u>**

**<u>intended to prevent."</u>**) (emphasis added),  See <u>Krapf v. Collectors Training Institute of</u>

<u>Illinois, Inc,</u> (Dist. Court, WD New York 2010.) (Holding that contact with a third party

-4-

that did not involve an inquiry into Plaintiff's location information but rather left a

message for the debtor was a violation of 15 U.S.C. 1692(b), 1692(c)(b), and 1692(d).),

West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C.

1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with

the collection of any debt, from conveying any information relating to a debt to a third

party.  The consumer's complaint alleging that the debt collector telephoned Plaintiff's

neighbor leaving collector's name and telephone number and asking the neighbor to

have consumer return the call, stated a claim for violation of § 1692c(b).),  Romano v.

Williams & Fudge, Inc., (644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008

quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North

Carolina 1998.) (A complaint alleging that debt collector telephoned Plaintiff's neighbor

leaving collector's name and telephone number and asking the neighbor to have Plaintiff

return call stated a claim for violation of Section 1692(c)(b).), Thomas v. Consumer

Adjustment Co., Inc., (579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting

West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina

1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only those third-party

communications in which some information about the debt is actually disclosed because

that reading would render § 1692(b) superfluous.),  Blair v. Sherman Acquisition, (Dist.

Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 -

Dist. Court, WD North Carolina 1998.) (All provisions of the statute must be considered

and each term must be interpreted equally, so as not to deflect from the meaning of the

statute.  Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force,

and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from

conveying any information to a third party that concerns a debt (except for the purpose

of obtaining location information as permitted under § 1692(b).),  Mathis v. Omnium

Worldwide,  (Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998

F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("`Other than to obtain location

information, a debt collector may not contact third persons such as a consumer's friends,

neighbors, relatives, or employer.  Such contacts are not legitimate collection practices

and result in serious invasions of privacy, as well as the loss of jobs.'".), West v.

Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep.

No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699), Krapf v.

Collectors Training Institute of Illinois, Inc., (Dist. Court, WD New York 2010 quoting

West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998.) (Contact

with a third party that did not involve an inquiry into Plaintiff's location information, but

rather, revealed that Plaintiff had a "business matter." stated a claim under 15 U.S.C. §

1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third

party to relay about a "very important" matter regarding the Plaintiff.  Plaintiff

sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and 1692(d).)

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI

claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40

COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT

COMMUNICATION.  Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 -

Dist. Court, SD New York 2006.) - Judge Karas in *Foti* based their reasoning on West v.

-6-

Nationwide Credit.  In Judge Karas' own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The Plaintiff in West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate 15 U.S.C. § 1692(c)(b) because no information was actually conveyed about Plaintiffs debt.  The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation.  *Id.* at 644.  In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding."  *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995).)  In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.*  "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.*  This conclusion has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692(c)(b)

because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the 15 U.S.C. § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the 15 U.S.C. § 1692(e)(11) requirement so long as the message did not convey specific information about the debt.  Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.), Krug v. Focus Receivables Mgmt., LLC, (2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting  West v.  Nationwide Credit, Inc., 998 F.  Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), (A debt collector may not  communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692(b). To violate 15 U.S.C. § 1692(b), the third party communication need only be "in connection with the collection of  a debt;"  it   need not expressly  mention  the debt  or debt collection  as

"communication" includes conveying information about a debt "indirectly."  15 U.S.C. §

1692a(2).),  Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002).

(FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist.

LEXIS 67719 quoting West v.  Nationwide Credit, Inc., 998 F.  Supp. 642

(W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant

had a "very important" matter to address was "regarding a debt" because the content of

the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's

alleged arrearage.), Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824

(Finding that the messages left by the Defendant constituted "communications" even

though they did not technically mention any information about the debt and stated a

claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining

location information which is the only permissible communication with third parties

under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45

(W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist.

LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the

message was a communication under the FDCPA even though it was not disclosed that

it came from a debt collector where the name of the company was referenced, directions

to return the call were given, and the purpose of the message was to induce the debtor to

return the call.) Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029

(E.D. Pa. July 26, 2010.) (The consumer adequately alleged that Defendant contacted a

third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the

boundaries of location information. A debt collector may not seek additional information

about a consumer because such information is beyond the scope of location

information.), Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010.) (A

"communication" need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc.,

586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008.) (Finding that the telephone message at

issue, which referenced an "important" matter, contained information regarding a file

number and whom to contact, and was left for the purpose of collecting the debt,

indirectly conveyed information concerning the debt and, therefore, met the statutory

definition of a "communication"), Ramirez v. Apex Financial Management, LLC, 567 F.

Supp. 2d 1035, 1041 (N.D. Ill. 2008.) (Finding that the message was an indirect

communication regarding the Plaintiff's debt where it conveyed pertinent information

including the fact that there was a matter he should attend to and instructions on how to

do so.), Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal.

2005.) (Finding that the messages left by the Defendant constituted "communications"

even though they did not technically mention specific information about the debt.),

Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at

*4 (M.D. Fla. July 14, 2006.) (Finding that the message was a communication under the

FDCPA even though it was not disclosed that it came from a debt collector where the

name of the company was referenced, directions to return the call were given, and the

purpose of the message was to induce the debtor to return the call.), Shaver v. Trauner,

97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in

the FDCPA which permits a debt collector to contact third parties is to obtain: "location

information about the consumer." 15 U.S.C. § 1692(b).  On its face, a communication to

someone other than those enumerated in the statute, and which offers or seeks

information not limited to "location information." would be unlawful (class and adoption

of denial of motion to dismiss.) 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998)

(Magistrate Judge's denial of motion to dismiss), Smith v. NCO Fin. Sys., 2009 U.S.

Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt

collectors from communicating with anyone other than the consumer and the only

exception to this broad proscription is that debt collectors may, under Section 15 U.S.C.

1692(b), communicate with persons "other than the consumer for the purpose of

acquiring location information about the consumer."  The FDCPA defines "location

information" as "a consumer's place of abode and his telephone number at such place, or

his place of employment".  Contact with third parties, such as employers, for any other

purpose is prohibited under the FDCPA.  The court noted that the Defendants'

contention that the FDCPA "does not prohibit all third party contact -- only disclosure of

the debt to third parties" is an untenable position, unsupported by authority and clearly at

odds with the plain language of the statute.)

19.   Said messages were in violation of 15 U.S.C. 1692 §§ 1692c(b) and 1692d for leaving

messages with third parties.

20.   On many occasions within the past year, the Defendant left numerous messages the

voicemail of the Plaintiff's Parents regarding the debt.

21.   Said telephone messages are in violation of 15 U.S.C. § 1692c by improperly disclosing

to an unauthorized third party that the Plaintiff was receiving a communication from a

debt collector.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

22.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty one (21) as if set forth fully in this cause of action.

23.   This cause of action is brought on behalf of Plaintiff and the members of three classes.

24.   Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (c) the Plaintiff asserts that the telephone messages were in violation 15 U.S.C. §§ 1692c(b) and 1692d.

25.   Class B consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was overheard by an unauthorized third party; and (b) the Plaintiff asserts that the message violated 15 U.S.C. § 1692c(b).

26.   Class C consists of all persons whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this

Complaint; (a) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (b) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

27.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a)    Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c)    The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

    (d)    The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

    (e)    The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

28.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

32.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

-14-

(b)        Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)        Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
August 9, 2012

/s/
_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

/s/
_____

Adam J. Fishbein (AF-9508)

-15-